# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB, MONTANA ENVIRONMENTAL INFORMATION CENTER, FRIENDS OF THE EARTH, and WATERKEEPER ALLIANCE, INC., | Case No. 4:21-cv-47-GF-BMM |
| Plaintiffs, | |
| v. | **FEDERAL DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| LIEUTENANT GENERAL SCOTT A. SPELLMON, et al., | |

Federal Defendants Lieutenant General Scott A. Spellmon, in his official capacity as U.S. Army Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers, and the United States Army Corps of Engineers ("Corps") respond to the allegations in Plaintiffs' Center for Biological Diversity, et al. ("Plaintiffs") Complaint for Declaratory and Injunctive Relief (the "Complaint"), ECF No. 1.  Federal Defendants deny any of the Complaint's allegations, express or implied, that are not otherwise expressly admitted, denied, or qualified below.  The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheading in

1

Plaintiffs' Complaint.  Federal Defendants do not specifically respond to the section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Federal Defendants deny those allegations.

1.      The allegations in paragraph 1 characterize the Complaint and set forth conclusions of law, which require no response.  To the extent a response is required, Federal Defendants deny that the Corps acted contrary to law.

2.      The allegations in the first and third sentence of paragraph 2 characterize the 2021 Nationwide Permit 12 ("NWP 12") and the Decision Document for the permit, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the NWP 12 and the Decision Document, they are denied.  The allegations in the second sentence of paragraph 2 contain conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 2.

3.      In response to the allegations in the first sentence of paragraph 3, Federal Defendants aver that the Corps reissued Nationwide Permit 12 on January 13, 2021.  Federal Defendants deny the remaining allegations in the first sentence of paragraph 3.  The allegations in the second, third, and fourth sentences of paragraph 3 characterize a court order in litigation challenging the 2017

Nationwide Permit 12 and that order speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the court order, they are denied.

4.      Federal Defendants admit they did not undertake ESA consultation with the Services on the 2017 NWP 12 following the decision referenced, but deny the remaining allegations in the first sentence of paragraph 4.  In response to the allegations in the second and third sentences of paragraph 4, Federal Defendants admit that the Corps reissued and modified sixteen nationwide permits on January 13, 2021.  Federal Defendants deny the remaining allegations in the second and third sentences of paragraph 4.  The allegations in footnote 2 to paragraph 4 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the Federal Register notice, they are denied.

5.      Federal Defendants deny that the Corps "flout[ed]" the Court's prior ruling. The remaining allegations in the first sentence of paragraph 5 characterize NWP 12 and the Decision Document, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the NWP 12 and the Decision Document, they are denied.  The allegations in the second sentence of paragraph 5 contain conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.

6.      The allegations in paragraph 6 contain conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.

7.      The allegations in paragraph 7 contain conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.

8.      The allegations in paragraph 8 characterize NWP 12, the Decision Document, and a court order, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the NWP 12, the Decision Document, or the court order, they are denied.

9.      The allegations in the first and third sentences of paragraph 9 contain conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.  The allegations in the second sentence of paragraph 9 characterize a federal statute, which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the statute, they are denied.

10.      Federal Defendants deny the allegations in the first and second sentences of paragraph 10.  The allegations in the third sentence of paragraph 10 contain conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.

11.      The allegations in the first sentence of paragraph 11 contain conclusions of law, which require no response.  To the extent a response is required, the

allegations are denied.  Federal Defendants admit that the Corps generally does not
conduct further NEPA review for activities authorized under NWP 12, but deny
any remaining allegations in the second and third sentences of paragraph 11.

12.     The allegations in the first, second, and fifth sentences of paragraph 12
contain conclusions of law, which require no response.  To the extent a response is
required, the allegations are denied.  The allegations in the third and fourth
sentences of paragraph 12 characterize the Decision Document, which speaks for
itself and is the best evidence of its content; to the extent that the allegations are
inconsistent with the Decision Document, they are denied.  Any remaining
allegations are denied.

13.     The allegations in the paragraph 13 contain conclusions of law, which
require no response.  To the extent a response is required, the allegations are
denied.

14.     The allegations in paragraph 14 are conclusions of law and Plaintiffs'
request for relief to which no response is required.  To the extent a response is
required, Federal Defendants deny the allegations and deny that Plaintiffs are
entitled to the relief requested or any relief whatsoever.

15.     Federal Defendants admit that Plaintiffs have brought their case under the
identified statutes, but deny any remaining allegations in the first sentence of
paragraph 15.  The allegations in the second and third sentences of paragraph 15

are legal conclusions to which no response is required; to the extent a response may be required, Federal Defendants deny the allegations.

16.     The allegations in the first and second sentences of paragraph 16 characterize a February 8, 2021, letter, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the letter, they are denied.  The allegations in the third sentence of paragraph 16 are legal conclusions to which no response is required; to the extent a response may be required, Federal Defendants deny the allegations.

17.     The allegations in the first sentence of paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants admit that venue is proper in this district, but deny any remaining allegations in the first sentence of paragraph 17.

18.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and therefore the allegations are denied.

19.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19, and therefore the allegations are denied.

20.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20, and therefore the

allegations are denied.

21.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21, and therefore the allegations are denied.

22.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22, and therefore the allegations are denied.

23.     The allegations in the first sentence of paragraph 23 are legal conclusions to which no response is required; to the extent a response may be required, Federal Defendants deny the allegations.  Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of paragraph 23, and therefore the allegations are denied.

24.     The allegations in paragraph 24 are vague and ambiguous as to the pipelines in question, and Federal Defendant thus lack knowledge or information sufficient to form a belief as to the truth of the allegations.  On those bases, Federal Defendants deny the allegations.

25.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and therefore the allegations are denied.

26.     The allegations in the first sentence of paragraph 26 are legal conclusions to

which no response is required; to the extent a response may be required, Federal

Defendants deny the allegations. Furthermore, Federal Defendants lack sufficient

knowledge or information to form a belief as to the truth of the allegations in the

first sentence of paragraph 26, and therefore the allegations are denied. The

allegations in the second sentence of paragraph 26 are vague and ambiguous as to

the NWP 12 activities in question, and Federal Defendant thus lack knowledge or

information sufficient to form a belief as to the truth of the allegations.  The

allegations are also overbroad and hypothetical.  On all those bases, Federal

Defendants deny the allegations.

27.    Federal Defendants deny the allegations in paragraph 27.

28.    The allegations in first through fifth sentences of paragraph 28 are vague and

ambiguous as to the specific pipelines and river crossings in question, and Federal

Defendant thus lack knowledge or information sufficient to form a belief as to the

truth of the allegations.  The allegations are also overbroad and hypothetical.  On

those bases, Federal Defendants deny the allegations in the first five sentences.

Federal Defendants deny the allegations in the sixth sentence.

29.    Federal Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations in paragraph 29, and therefore the

allegations are denied.  In addition, the allegations are vague and ambiguous as to

the pipelines in question, and are therefore also denied on that basis.

30.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30, and therefore the allegations are denied.

31.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of paragraph 31, and therefore the allegations are denied.  The allegations in the third sentence of paragraph 31 are legal conclusions to which no response is required; to the extent a response may be required, Federal Defendants deny the allegations.

32.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32, and therefore the allegations are denied.

33.    Federal Defendants deny the allegations in paragraph 33.

34.    Federal Defendants deny the allegations in paragraph 34.

35.    Federal Defendants deny the allegations in paragraph 35.

36.    Federal Defendants deny the allegations in the first sentence of paragraph

36.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second, third, and fourth sentences of paragraph 36, and therefore the allegations are denied.  Federal Defendants deny that the Corps acted contrary to law.

37.    Federal Defendants deny the allegations in paragraph 37.

38.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38, and therefore the allegations are denied.

39.     Federal Defendants lack sufficient knowledge or information regarding Plaintiffs' organizational missions to form a belief as to the truth of allegations in paragraph 39.  On that basis, the allegations are denied.  Federal Defendants deny that the Corps acted contrary to law.

40.     Federal Defendants lack sufficient knowledge or information regarding Plaintiffs' organizational missions to form a belief as to the truth of allegations in paragraph 40.  On that basis, the allegations are denied.  Federal Defendants deny that the Corps acted contrary to law.

41.     The allegations in paragraph 41 are conclusions of law, for which no response is required.

42.     The allegations in the first, third, and fifth sentences of paragraph 42 are legal conclusions to which no response is required; to the extent a response may be required, Federal Defendants deny the allegations.  The allegations in the second and fourth sentences of paragraph 42 characterize Plaintiffs' request for relief to which no response is required; to the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

43.    Federal Defendants admit the allegations in paragraph 43.

44.    Federal Defendants admit that Scott A. Spellmon is Chief of Engineers and

Commanding General of the U.S. Army Corps of Engineers headquartered in

Washington, D.C., and aver that the Chief of Engineers is authorized to issue

general permits under 33 U.S.C. § 1344(e).  The remaining allegations in the first

sentence of paragraph 44 are vague and ambiguous, and Federal Defendants thus

lack knowledge or information sufficient to form a belief as to the truth of the

allegations.  On those bases, the allegations are denied.  The allegations in the

second sentence of paragraph 44 characterize the Complaint, which require no

response.  The allegations in the third sentence of paragraph 44 are legal

conclusions to which no response is required; to the extent a response may be

required, Federal Defendants deny the allegations.

45.    The allegations in paragraph 45 characterize a federal statute, which speaks

for itself and is the best evidence of its contents; to the extent that the allegations

are inconsistent with the federal statute, they are denied.

46.    The allegations in paragraph 46 characterize a federal statute and

regulations, which speak for themselves and are the best evidence of their contents;

to the extent that the allegations are inconsistent with the federal statute and

regulations, they are denied.

47.    The allegations in paragraph 47 characterize a federal statute and

11

regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulations, they are denied.

48.     The allegations in paragraph 48 characterize a federal statute and regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulations, they are denied.

49.     Defendants admit the allegations in the first sentence of paragraph 49.  The allegations in the second sentence of paragraph 49 characterize federal regulations, which speak for themselves and are the best evidence of their contents, to the extent that the allegations are inconsistent with the regulations, they are denied.

50.     The allegations in paragraph 50 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

51.     The allegations in paragraph 51 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

52.     The allegations in paragraph 52 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

53.     The allegations in paragraph 53 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

54.     The allegations in paragraph 54 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

55.     The allegations in paragraph 55 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

56.     The allegations in paragraph 56 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

57.     The allegations in paragraph 57 characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal statute, they are denied.

58.     The allegations in paragraph 58 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

59.     The allegations in paragraph 59 characterize a federal statute and regulation, which speak for themselves and are the best evidence of their contents; to the

extent that the allegations are inconsistent with the federal statute and regulation, they are denied.

60.    The allegations in paragraph 60 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

61.    The allegations in paragraph 61 characterize a federal statute and regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulations, they are denied.

62.    The allegations in paragraph 62 characterize federal regulations and a Federal Register notice, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations and notice, they are denied.

63.    The allegations in the first sentence of paragraph 63 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in the second and third sentences of paragraph 63 characterize federal regulations, a federal statute, and a Federal Register notice, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations, statute, and notice, they are denied.

64.     The allegations in paragraph 64 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations, they are denied.

65.     The allegations in paragraph 65 characterize a federal regulation and statute, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulation and statute, they are denied.

66.     The allegations in paragraph 66 characterize a federal regulation and statute, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulation and statute, they are denied.

67.     The allegations in paragraph 67 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

68.     The allegations in paragraph 68 characterize federal regulations and a Federal Register notice, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations and notice, they are denied.

69.     The allegations in paragraph 69 characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents; to the extent that the

allegations are inconsistent with the notice, they are denied.

70.    The allegations in paragraph 70 characterize a federal statute and regulation, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulation, they are denied.

71.    The allegations in paragraph 71 characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal statute, they are denied.

72.    The allegations in paragraph 72 characterize court opinions, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the court opinions, they are denied.

73.    The allegations in the first sentence of paragraph 73 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.  The allegations in the second sentence of paragraph 73 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny that NEPA itself imparts any authority upon the courts.

74.    The allegations in paragraph 74 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations, they are denied.

16

75.     The allegations in paragraph 75 characterize a federal statute and regulation, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulation, they are denied.

76.     The allegations in paragraph 76 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

77.     The allegations in paragraph 77 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

78.     The allegations in paragraph 78 characterize a federal regulation and court opinions, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulation and court opinions, they are denied.

79.     The allegations in paragraph 79 characterize court opinions, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the court opinions, they are denied.

80.     Federal Defendants admit the allegations in paragraph 80.

81.     Federal Defendants admit the allegations in the first sentence of paragraph 81.  Federal Defendants deny the allegations in the second sentence and footnote 3

of paragraph 81.

82.    Federal Defendants deny the allegations in paragraph 82.

83.    The allegations in paragraph 83 are vague and ambiguous as to the specific projects and environmental reviews in question, and Federal Defendant thus lack knowledge or information sufficient to form a belief as to the truth of the allegations.  On those basis, Federal Defendants deny the allegations.

84.    The allegations in paragraph 84 characterize a court opinion, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the court opinion, they are denied.

85.    The allegations in paragraph 85 characterize a court opinion, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the court opinion, they are denied.

86.    The allegations in the first sentence of paragraph 86 are vague and ambiguous as to the project and environmental review in question, and Federal Defendant thus lack knowledge or information sufficient to form a belief as to the truth of the allegations.  On those bases, the allegations are denied.  Federal Defendants deny any remaining allegations in the first sentence.  The allegations in the second sentence of paragraph 86 characterize a court opinion, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the court opinion, they are denied.

87.    The allegations in paragraph 87 characterize a court opinion, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the court opinion, they are denied.

88.    The allegations in paragraph 88 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

89.    The allegations in paragraph 89 characterize court opinions, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the court opinions, they are denied.

90.    The allegations in paragraph 90 characterize court opinions, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the court opinions, they are denied.

91.    The allegations in paragraph 91 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

92.    The allegations in paragraph 92 characterize a federal regulation and court opinion, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulation and court opinion, they are denied.

93.    The allegations in paragraph 93 characterize a federal regulation, which

speaks for itself and is the best evidence of its contents; to the extent that the

allegations are inconsistent with the federal regulation, they are denied.

94.    The allegations in paragraph 94 characterize a federal statute, which speaks

for itself and is the best evidence of its contents; to the extent that the allegations

are inconsistent with the federal statute, they are denied.

95.    The allegations in paragraph 95 characterize a court opinion, which speaks

for itself and is the best evidence of its contents; to the extent that the allegations

are inconsistent with the court opinion, they are denied.

96.    Federal Defendants admit they did not undertake ESA consultation with the

Services on the 2017 NWP 12 following the decision referenced, but aver that the

Corps was already in the midst of proposing a new rule.  Except as expressly

admitted, the allegations in the first sentence of paragraph 96 are denied.  The

allegations in the second sentence of paragraph 96 characterize the decision

referenced, which speaks for itself and is the best evidence of its contents; to the

extent the allegations are inconsistent with the referenced decision, they are denied.

97.    Federal Defendants admit that on September 15, 2020, the Corps published a

proposal to reissue and modify nationwide permits in the Federal Register.  The

remaining allegations in paragraph 97 characterize the Federal Register notice,

which speaks for itself and is the best evidence of its contents; to the extent that the

allegations are inconsistent with the Federal Register notice, they are denied.

98.    The allegations in the first and second sentence paragraph 98 characterize submitted comments, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the comments, they are denied.  The allegations in the third sentence of paragraph 98 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

99.    Federal Defendants admit that on January 13, 2021, the Corps reissued and modified twelve existing NWPs and issued four new NWPs.  The remaining allegations in paragraph 99 characterize the Federal Register notice, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register notice, they are denied.

100.   The allegations in paragraph 100 characterize NWP 12, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with NWP 12, they are denied.

101.   Federal Defendants aver that the 2021 rulemaking divided the NWP that authorizes utility line activities (NWP 12) into three separate NWPs. The remaining allegations in paragraph 101 characterize the 2017 and 2021 NWP 12, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with 2017 and 2021 NWP 12, they are denied.

102.   The allegations in paragraph 102 characterize the Federal Register notice
and NWP 12, which speak for themselves and are the best evidence of its contents;
to the extent that the allegations are inconsistent with the Federal Register notice or
NWP 12, they are denied.

103.   The allegations in paragraph 103 characterize NWP 12, which speaks for
itself and is the best evidence of its contents; to the extent that the allegations are
inconsistent with NWP 12, they are denied.

104.   The allegations in paragraph 104 characterize the Federal Register notice,
which speaks for itself and is the best evidence of its contents; to the extent that the
allegations are inconsistent with the Federal Register notice, they are denied.

105.   The allegations in the first sentence of paragraph 105 characterize NWP 12,
which speaks for itself and is the best evidence of its contents; to the extent that the
allegations are inconsistent with NWP 12, they are denied.  The allegations in the
second sentence of paragraph 105 are overbroad and vague and ambiguous as to
the "projects permitted by NWP 12," "often," and "same waterbody and/or
watershed."  Federal Defendant thus lack knowledge or information sufficient to
form a belief as to the truth of the allegations.  On those bases, Federal Defendants
deny the allegations.

106.   The allegations in paragraph 106 characterize NWP 12 and the Federal
Register notice, which speak for themselves and are the best evidence of their

contents; to the extent that the allegations are inconsistent with NWP 12 and the Federal Register notice, they are denied.

107.   The allegations in paragraph 107 characterize NWP 12 and the Federal Register notice, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with NWP 12 and the Federal Register notice, they are denied.

108.   Federal Defendants deny the allegations in paragraph 108.

109.   The allegations in paragraph 109 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

110.    The allegations in paragraph 110 characterize the NWP 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Decision Document, they are denied.

111.   The allegations in paragraph 111 are denied as vague and ambiguous, and Federal Defendants thus lack sufficient knowledge or information to form a belief as to the truth of the allegations.  On those bases, the allegations are denied.

112.   Federal Defendants admit the Corps did not undertake ESA Section 7 consultation with the Services.  Except as expressly admitted, the allegations in the first sentence of paragraph 112 are denied.  The allegations in the second sentence of paragraph 112 characterize the Federal Register notice, which speaks for itself

and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register notice, they are denied.

113.   The allegations in paragraph 113 are legal conclusions to which no response is required; to the extent a response may be required, Federal Defendants deny the allegations.

114.   Federal Defendants deny the allegations in paragraph 114.

115.   The allegations in paragraph 115 characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register notice, they are denied.

116.   The allegations in the first sentence of paragraph 116 characterize General Condition 18, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with General Condition 18, they are denied.  Federal Defendants deny the allegations in the second and third sentence of paragraph 116.

117.   Federal Defendants admit the allegations in paragraph 117.

118.   Federal Defendants admit that the Corps issued an EA/FONSI for the reissuance of NWP 12, that the Corps estimated the NWP would be used approximately 9,560 times per year on a national basis, and that the Corps generally does not undertake further NEPA review to verify activities are authorized under the NWP.  The remaining allegations in the first and second

sentence and associated parenthetical of paragraph 118 characterize the Federal

Register notice, which speaks for itself and is the best evidence of its contents; to

the extent that the allegations are inconsistent with the Federal Register notice,

they are denied.  The allegations in the third sentence of paragraph 118 are vague

and ambiguous in that they do not identify any specific oil pipeline, and Federal

Defendant thus lack knowledge or information sufficient to form a belief as to the

truth of the allegations.  On those bases, the allegations are denied.

119.   The allegations in paragraph 119 characterize the NWP 12 Decision

Document, which speaks for itself and is the best evidence of its contents; to the

extent that the allegations are inconsistent with the NWP 12 Decision Document,

they are denied.

120.   The allegations in paragraph 120 characterize the NWP 12 Decision

Document, which speaks for itself and is the best evidence of its contents; to the

extent that the allegations are inconsistent with the NWP 12 Decision Document,

they are denied.

121.   The allegations in paragraph 121 characterize the NWP 12 Decision

Document, which speaks for itself and is the best evidence of its contents; to the

extent that the allegations are inconsistent with the NWP 12 Decision Document,

they are denied.

122.   The allegations in paragraph 122 characterize the NWP 12 Decision

Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the NWP 12 Decision Document, they are denied.

123.   The allegations in paragraph 123 characterize the NWP 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the NWP 12 Decision Document, they are denied.

124.   The allegations in paragraph 124 characterize the NWP 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the NWP 12 Decision Document, they are denied.

125.   The allegations in paragraph 125 characterize the NWP 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the NWP 12 Decision Document, they are denied.

126.   The allegations in the first sentence of paragraph 126 characterize the NWP 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the NWP 12 Decision Document, they are denied.  Federal Defendants admit that the Corps generally does not conduct further NEPA review to verify activities are authorized

under NWP 12, but deny any remaining allegations in the second sentence of paragraph 126.

127.   The allegations in paragraph 127 characterize the Federal Register notice, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register notice, they are denied.

128.   Federal Defendants deny the allegations in the first sentence of paragraph 128.  With respect to footnote 4, Federal Defendants admit that the 2020 CEQ regulations have been challenged and that the regulations are under review by the current administration.  Any remaining allegations in footnote 4 are denied.  The allegations in the second sentence paragraph 128 characterize a federal statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

129.   The allegations in paragraph 129 characterize a federal statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

130.   Federal Defendants incorporate by reference all preceding paragraphs.

131.   The allegations in paragraph 131 characterize a federal statute which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal statute, they are denied.

132.   Federal Defendants deny the allegations in paragraph 132.

133.   The allegations in paragraph 133 are conclusions of law, to which no response is required.  On that basis, the allegations are denied.

134.   The allegations in the first and second sentences of paragraph 134 are conclusions, to which no response is required.  On that basis, the allegations are denied.  The allegations in the third sentence of paragraph 134 characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Federal Register notice, they are denied.

135.   Federal Defendants deny the allegations in paragraph 135.

136.   The allegations in paragraph 136 are conclusions of law, to which no response is required.  On that basis, the allegations are denied.

137.   Federal Defendants deny the allegations in paragraph 137.

138.   Federal Defendants deny the allegations in paragraph 138.

139.   Federal Defendants deny the allegations in paragraph 139.

140.   Federal Defendants incorporate by reference all preceding paragraphs.

141.   Federal Defendants admit the allegations in paragraph 141.

142.   Federal Defendants admit that the Corps issued an EA/FONSI for the reissuance of NWP 12, that the Corps estimated the NWP would be used approximately 9,560 times per year on a national basis, and that the Corps generally does not conduct further NEPA review to verify activities are authorized

under the NWP.  Federal Defendants deny any remaining allegations in the

paragraph.

143.    The allegations in paragraph 143 are conclusions of law, to which no

response is required.  On that basis, the allegations are denied.

144.    The allegations in paragraph 144 are conclusions of law, to which no

response is required.  On that basis, the allegations are denied.

145.    The allegations in paragraph 145 are conclusions of law, to which no

response is required.  On that basis, the allegations are denied.

146.    The allegations in paragraph 146 are conclusions of law, to which no

response is required.  On that basis, the allegations are denied.

147.    Federal Defendants incorporate by reference all preceding paragraphs.

148.    The allegations in paragraph 148 characterize a federal statute which speaks

for itself and is the best evidence of its contents; to the extent that the allegations

are inconsistent with the federal statute, they are denied.

149.    Federal Defendants deny the allegations in the first and third sentence of

paragraph 149.  The allegations in the second sentence of paragraph 149

characterize the Federal Register notice, which speaks for itself and is the best

evidence of its contents; to the extent that the allegations are inconsistent with the

Federal Register notice, they are denied.

150.    The allegations in paragraph 150 characterize NWP 12, which speaks for

itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with NWP 12, they are denied.

151.   The allegations in the first sentence of paragraph 151 characterize NWP 12, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with NWP 12, they are denied.  Federal Defendants deny the allegations in the second sentence of paragraph 151.

152.   The allegations in paragraph 152 are conclusions of law, to which no response is required.  On that basis, the allegations are denied.

153.   The allegations in paragraph 153 are conclusions of law, to which no response is required.  On that basis, the allegations are denied.

The remaining allegations in the Complaint constitute Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

Respectfully submitted this 7th day of September 2021,

Mark Steger Smith
Assistant U.S. Attorney
Office of the United States Attorney
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Tel: (406) 247-4667
Fax: (406) 657-6058
mark.smith3@usdoj.gov

TODD KIM
Assistant Attorney General
Envt. & Natural Resources Div.
U.S. Department of Justice

___*s/ Kristofor R. Swanson*____
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

*s/ Benjamin J. Grillot*_____
BENJAMIN J. GRILLOT
(D.C. Bar No. 982114)
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0303
Fax: (202) 305-0506
benjamin.grillot@usdoj.gov

__*s/ Bridget Kennedy McNeil*__
BRIDGET KENNEDY MCNEIL
(Colo. Bar No. 34299)
Senior Trial Attorney
Wildlife & Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
303-844-1484
bridget.mcneil@usdoj.gov

## Certificate of Service

I hereby certify that on September 7, 2021, I filed the above answer with the Court's electronic case management system, which caused notice to be sent to all parties.

_____s/ Kristofor R. Swanson

KRISTOFOR R. SWANSON