IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Center for Biological Diversity**, **Sierra Club**, **Montana Environmental Information Center**, **Friends of the Earth**, and **Waterkeeper Alliance, Inc.**,<br><br>Plaintiffs,<br><br>v.<br><br>**Lt. Gen. Scott A. Spellmon**, et al.,<br><br>Defendants. | Case No. 1:22-cv-02586-CKK<br><br>**Federal Defendants' Response to Plaintiffs' Notice of Supplemental Authority** |

Federal Defendants provide this response to Plaintiffs' Notice of Supplemental Authority (ECF No. 116) discussing *Eagle County v. Surface Transportation Board*, 2023 U.S. App. LEXIS 21649, WL 21649, __ F.4th __ (D.C. Cir. 2023), and *Center for Biological Diversity v. U.S. Environmental Protection Agency* ("*CBD v. EPA*"), 2023 U.S. Dist. LEXIS 145674, 2023 WL 5333260 (D. Ariz. 2023). Neither case supports Plaintiffs' motion for summary judgment.

*Eagle County* involved the Surface Transportation Board "authorizing the construction and operation of a new rail line in the Uinta Basin in Utah." 2023 U.S. App. LEXIS 21649 at *2. Plaintiffs claim the case supports their argument that the Corps inappropriately excluded from its National Environmental Policy Act ("NEPA") analysis certain impacts that, in Plaintiffs' view, foreseeably result from Nationwide Permit 12

1

("NWP 12"). But Plaintiffs continue to ignore that the scope of an environmental review under NEPA necessarily depends on the nature of the major federal action being reviewed. In *Eagle County*, the Surface Transportation Board had "exclusive jurisdiction over the construction and operation of the railway, including authority to deny the exemption petition if the environmental harm caused by the railway outweighs its transportation benefits." *Id.* at 44. Thus, the D.C. Circuit concluded that, just as with certain Federal Energy Regulatory Commission approvals of gas pipelines, the Board acted arbitrarily in not "considering the environmental impacts of a railway it approves." *Id.* at *45.

The Corps, by contrast—and as we have already explained—does not approve or regulate the siting or operation of oil and gas pipelines. Fed. Defs.' Mem. in Supp. of Cross-Mot. for Summ. J. 19–26, ECF No. 62; Fed. Defs.' Reply 7–11, ECF No. 81; Fed. Defs' Supp. Br. 4–6, ECF No. 107. Given the major federal action at issue, the Corps acted reasonably in excluding pipeline operational effects from the scope of its NEPA review.

Similarly, *CBD v. EPA* does not support Plaintiffs' Endangered Species Act ("ESA") claims. In that case, EPA argued that its recommended water-quality criteria standard for cadmium was not an agency action triggering an obligation under the ESA and acknowledged that EPA did not make an explicit "no effect" determination. 2023 U.S. Dist. LEXIS 145674, at *2, 39-40 ("EPA first argues an explicit 'no effect' finding was not required."). Here, the Corps agrees that the general permit is an agency action subject to the ESA. ECF 107 at 13. That is why it complied with the ESA's procedures

2

by compiling biological assessment and making a reasoned and fully supported "no effect" determination. *Id.* As the court in *CBD v. EPA* even recognized, "if an agency determines its action will have 'no effect,' then consultation is not required . . .." 2023 U.S. Dist. LEXIS 145674, *3.

Plaintiffs also advance a familiar, but erroneous theme arguing that the Corps seeks to comply with the ESA by relying on "future project-specific consultation[s]." ECF No. 116 at 2. This is not the Corps' position. ECF No. 107 at 14 n.6. Because the general permit is self-executing, the Corps recognized its obligation under the ESA for that particular agency action, complied with ESA procedures, and made a "no effect" determination. *Id.* Moreover, unlike the possibility in *CBD v. EPA* where, according to that court, a consultation could influence EPA's water-quality criteria for the benefit of listed species, that cannot happen here. General Condition 18 already prohibits any effect to listed species or critical habitat. ECF No. 107 at 15. A consultation could not result in any stricter prohibitions because they already exist. That is why the Corps' "no effect" determination is eminently reasonable. *CBD v. EPA* illustrates the differences in the Corps' general permit and how it fully complied with the ESA.[1]

September 26, 2023.

                                                                                                    TODD KIM
                                                                                                     Assistant Attorney General

---

[1] With respect to standing, *CBD v. EPA* highlighted that members of those organizations planned to visit the geographical areas where listed species and the water-quality criteria intersected. 2023 U.S. Dist. LEXIS 145674, *9. That is not present in this case as Plaintiffs' declarants do not have any intention of visiting the locations where they allege injury. ECF No. 107 at 12.

Envt. & Natural Resources Division
U.S. Department of Justice

*/s/ Kristopher Swanson*
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

*/S/ BENJAMIN GRILLOT*
BENJAMIN J. GRILLOT
(D.C. Bar No. 982114)
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0303
Fax: (202) 305-0506
benjamin.grillot@usdoj.gov

*/S/ COBY HOWELL*
COBY HOWELL
(WY BAR. NO. 6-3589)
Senior Trial Attorney
Wildlife & Marine Resources Section
1000 SW Third Ave Suite 600
Portland, OR 97204
503-727-1044
coby.howell@usdoj.gov