IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>LT. GEN SCOTT A. SPELLMON, et al.,<br><br>　　　　Defendants,<br><br>AMERICAN GAS ASSOCIATION, et al.,<br><br>　　　　Defendant-Intervenor,<br><br>STATE OF MONTANA,<br><br>　　　　Defendant-Intervenor. | **Case No: 22-cv-2586-CKK** |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this Notice to inform the Court of the recent decision of the United States Supreme Court in *Loper Bright Enterprises v. Raimondo*, No. 22-1219, 2024 WL 3208360, at *16 (U.S. June 28, 2024) (attached as Exh. A). This decision supports Plaintiffs' argument, in their pending motion for summary judgment, that the Army Corps' issuance of Nationwide Permit 12 ("NWP 12") violated the "minimal effects" threshold set forth in Section 404(e) of the Clean Water Act. ECF 45 at 49-55.

Plaintiffs argue, *inter alia*, that because NWP 12 allows the Army Corps to artificially treat each water crossing along an oil or gas pipeline as a "single and complete project," with no

limit to the total number of water crossings or total level of impacts, and no mechanism to guarantee the Army Corps will undertake any project-level review to ensure minimal cumulative effects, NWP 12 authorizes projects with more than "minimal effects" in violation of 33 U.S.C. § 1344(e)(1). *Id*.

In response, Federal Defendants defend NWP 12 by relying on *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council*, 467 U.S. 837, 865 (1984). *See, e.g.*, ECF 62 at 14. Federal Defendants argue that because "Congress did not define 'minimal'" or "specifically address or place any restrictions on the number of times a particular NWP could be used," the "Corps' interpretation of Section 404(e) is 'based on a permissible construction of the statute.'" *Id*. (citing *Chevron*, 467 U.S. at 842–43).

In *Loper Bright Enterprises*, the Court overturned *Chevron* and the deferential review afforded to agencies' interpretation of statutes. *Loper Bright Enterprises,* 2024 WL 3208360, at *16. Now, rather than examine whether NWP 12 constitutes a "permissible construction of the statute," this Court must "use every tool at [its] disposal to determine the *best reading* of the statute…" *Id*. (emphasis added).

As set forth in in Plaintiffs' summary judgment briefing before the District Court of Montana, ECF Nos. 45, 78, and in their supplemental brief before this Court, ECF No. 108, NWP 12 does not comport with the "best reading" of the Clean Water Act, which allows the Army Corps to issue section 404 permits for categories of activities only if they "will cause only minimal adverse environmental effects when performed separately, and will have only minimal cumulative adverse effect on the environment." 33 U.S.C. § 1344(e)(1).

Respectfully submitted this 18th day of July 2024.

/s/ Doug Hayes
Doug Hayes (admitted pro hac vice)
Sierra Club Environmental Law Program
1650 38th Street, Suite 102W
Boulder, CO 80301
(303) 449-5595
doug.hayes@sierraclub.org
*Attorney for Sierra Club and Montana Environmental Information Center*

/s/ Eric Glitzenstein
Eric Glitzenstein (D.C. Bar No. 358287)
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
(202) 849-8401

/s/ Jared Margolis
Jared Margolis (admitted pro hac vice)
Center for Biological Diversity
2852 Willamette St. # 171
Eugene, OR 97405
(802) 310-4054
jmargolis@biologicaldiversity.org
eglitzenstein@biologicaldiversity.org
*Attorneys for Center for Biological Diversity, Friends of the Earth, and Waterkeeper*

## CERTIFICATE OF SERVICE

I certify that I served the foregoing on all counsel of record via the Court's CM/ECF system.

Dated: July 18, 2024.

/s/ Doug Hayes

Doug Hayes
Sierra Club Environmental Law Program
1650 38th Street, Suite 102W
Boulder, CO 80301
(303) 449-5595
doug.hayes@sierraclub.org