IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Center for Biological Diversity**, **Sierra Club**, **Montana Environmental Information Center**, **Friends of the Earth**, and **Waterkeeper Alliance, Inc.**, <br><br> Plaintiffs, <br><br> v. <br><br> **Lt. Gen. Scott A. Spellmon**, et al., <br><br> Defendants. | Case No. 1:22-cv-02586-CKK |

### RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

The Federal Defendants submit this response to Plaintiff's Notice of Supplemental Authority filed on July 18, 2024, regarding the United States Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, No. 22-1219, 144 S. Ct. 2244 (2024).[1] *Loper Bright* overruled the holding of *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984) ("*Chevron*"), that courts should defer to agency interpretations of ambiguous statutes in certain circumstances.

---

[1] Federal Defendants also provide notice of *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367 (2024), as a supplemental authority. This opinion is relevant to Plaintiffs' contention that it has established organizational standing for its Endangered Species Act claim, and Federal Defendants' opposition to that argument. *Id.* at 394; ECF No. 107 at 8-13; ECF No. 108 at 9-11.

While the Federal Defendants argued for *Chevron* deference to their interpretation of the statute, Def.'s Br. at 14-16 (ECF 62), no deference is needed to uphold the challenged action and Federal Defendants withdraw the request. *Loper Bright* provides that when reviewing agency action under the APA, "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." 144 S. Ct. at 2273. To resolve the meaning of disputed statutory language, a court shall adopt the interpretation that the court, "after applying all relevant interpretive tools, concludes is best." *Id.* at 2266.

The Corps' issuance of NWP 12 reflects the best reading of CWA Section 404(e)'s minimal effects threshold because for linear pipeline projects, what "constitutes separate and distant crossings can vary across the country because of differences in the distribution of waters and wetlands in the landscape, local hydrologic conditions, local geologic conditions, and other factors." Def.'s Br. at 28 (quoting 86 Fed. Reg. 2778). Thus, allowing Corps districts to determine when crossings are sufficiently "separate and distant" from one another on a case-by-case basis, rather than establishing national thresholds, is the best reading of the statute. *Id*.

*Loper Bright* also affirms that this Court may draw additional support from the Corps' long-standing interpretation of the CWA. The "'interpretations and opinions' of the relevant agency, 'made in pursuance of official duty' and 'based upon . . . specialized experience,' 'constitute[d] a body of experience and informed judgment to which courts and litigants [could] properly resort for guidance,' even on legal questions." *Id.* (quoting *Skidmore*, 323 U.S. at 139–140). "'The weight of such a judgment in a particular case,'

2

… 'depend[s] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" *Id.* (quoting *Skidmore*, 323 U.S. at 140).

*Loper Bright* does not support Plaintiffs' argument that the issuance of Nationwide Permit 12 violated Section 404(e) of the Clean Water Act. Here, the Corps' regulations treat each crossing of a waterbody as "single and complete project," 33 C.F.R. 330.2(i), when determining whether the impacts of NWP 12 are "minimal" under Section 404(e) of the Clean Water. The Corps has long understood that this methodology ensures that any impacts for linear projects are "minimal" under Section 404(e) of the Clean Water Act. As explained in our briefs, the Corps has not deviated from this interpretation of its regulation in the past 33 years. ECF 62 at 15; ECF 81 at 2. This is a matter of technical and regulatory expertise and warrants respect under *Skidmore*. *Loper Bright*, 144 S.Ct at 2266 (quoting *Skidmore*, 323 U.S. at 140).

However, even setting deference principles aside, Plaintiffs' arguments here fail. As the Federal Defendants explained in their supplemental filing before this Court, Plaintiffs' "vague assertions" that some impacts might be more than minimal is not sufficient to meet their burden to establish any non-PCN activities would have "more than minimal effects." ECF 107 at 3, *citing Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 205 F. Supp. 3d 4, 28 (D.D.C 2016).

3

Dated: August 26, 2024.

        TODD KIM
        Assistant Attorney General

        */s/ Benjamin Grillot*
        BENJAMIN J. GRILLOT
        (D.C. Bar No. 982114)
        Environmental Defense Section
        Envt. & Natural Resources Div.
        U.S. Department of Justice
        P.O. Box 7611
        Washington, DC 20044-7611
        Tel: (202) 305-0303
        Fax: (202) 305-0506
        benjamin.grillot@usdoj.gov

        KRISTOFOR R. SWANSON
        (Colo. Bar No. 39378)
        Natural Resources Section
        Envt. & Natural Resources Div.
        U.S. Department of Justice
        P.O. Box 7611
        Washington, DC 20044-7611
        Tel: (202) 305-0248
        Fax: (202) 305-0506
        kristofor.swanson@usdoj.gov

        COBY HOWELL
        (WY BAR. NO. 6-3589)
        Senior Trial Attorney
        Wildlife & Marine Resources Section
        1000 SW Third Ave Suite 600
        Portland, OR 97204
        503-727-1044
        coby.howell@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I served the foregoing on all counsel of record via the Court's CM/ECF system.

Dated: August 26, 2024.

*/s/ Benjamin Grillot*___
BENJAMIN J. GRILLOT
