IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Center for Biological Diversity**, **Sierra Club**, **Montana Environmental Information Center**, **Friends of the Earth**, and **Waterkeeper Alliance, Inc.**,<br><br>Plaintiffs,<br><br>v.<br><br>**Lt. Gen. Scott A. Spellmon**, et al.,<br><br>Defendants. | Case No. 1:22-cv-02586-CKK |

### RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Federal Defendants submit this response to Plaintiffs' Notice of Supplemental Authority (ECF 120) filed on October 21, 2024, regarding the recent decision in *Don't Cage Our Oceans v. United States Army Corps of Engineers,* No. C22-1627-KKE, 2024 WL 4349548, at *3 (W.D. Wash. Sept. 30, 2024). Plaintiffs argue that this district court decision supports their argument that they have standing in this case to pursue their Endangered Species Act ("ESA") claim and their challenge under the National Environmental Policy Act ("NEPA").

With respect to standing, the court in *Don't Cage Our Oceans* did not reach the plaintiffs' ESA claim. 24 WL 4349548, at *10 n.8 (refraining from ruling on the ESA claim). Thus, the decision from the District Court for the Western District of Washington does not support plaintiffs' argument that they have standing to pursue their ESA claim

1

challenging the issuance of Nationwide Permit 12.[1]  Even if standing did not rely on a specific evidentiary showing, this Court is under no obligation to afford the district court's dicta any weight.  *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 737 (2007).

Plaintiffs acknowledge that after 42 months since filing the complaint, they still have not identified any activity that utilized the General Permit that allegedly harms their interests in ESA species, but argue that "it does not matter, for purposes of standing, that the exact location of NWP activities is not known when the complaint is filed…." ECF 120 at 2.  This is wrong.  Plaintiffs cannot establish standing by simply relying on an alleged statistical probability that one of their members may be harmed by the General Permit in the future.  *Summers v. Earth Island Inst*., 555 U.S. 488, 495 (2009) ("There may be a chance, but is hardly a likelihood, that [declarants'] wanderings will bring him to a parcel about to be affected by a project unlawfully subject to the regulations. Indeed, without further specification it is impossible to tell which projects are (in respondents' view) unlawfully subject to the regulations.").  Moreover, the court in *Don't Cage Our Oceans* concluded that the "Plaintiffs' members have specifically described an imminent harm to their use of specific geographical areas likely to be impacted by activities authorized under NWP 56," which plaintiffs plainly have not done here.  2024 WL 4349548, at *3.  In the present case, that showing does not exist, nor can it, because the

---

[1] Although Federal Defendants did not challenge Plaintiffs' standing with respect to their NEPA and Clean Water Act ("CWA") claims in this case, ECF 107 at 8, courts have "an independent obligation to assure standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009).

General Permit prohibits any activity that "might affect" or is in the "vicinity" of listed species or habitat. ECF 107 at 15. Plaintiffs lack standing to pursue their ESA claim.

As for NEPA, the Corps' scoping decision is based upon the Corps' reasonable conclusion that pipeline operational impacts do not have a sufficiently close causal link to the Corps' action to require consideration of those impacts under NEPA. *See* Fed. Defs.' Summ. J. Br. 20, ECF No. 62; Fed. Defs.' Reply Br. 7–9, ECF No. 81; Fed. Defs.' Supp. Br. 4–5, ECF No. 107. The court's NEPA conclusion in *Don't Cage Our Ocean* does not impact that argument. For one, the causal relationship between the permitting of at-sea aquaculture structures, and impacts from those structures, says nothing about the causal relationship between permitting limited fill or stream crossings associated with the construction of a linear pipeline project and the alleged operational impacts from that pipeline. And in any event, the issue is determined based upon the agency's reasoning with respect to the action in question and support for that conclusion in the administrative record. We have already explained why the Corps' conclusion for Nationwide Permit 12 was reasonable and supported by the record.

Dated: November 7, 2024.

                               TODD KIM
                               Assistant Attorney General

                               KRISTOFOR R. SWANSON
                               (Colo. Bar No. 39378)
                               Natural Resources Section
                               Envt. & Natural Resources Div.
                               U.S. Department of Justice
                               P.O. Box 7611
                               Washington, DC 20044-7611
                               Tel: (202) 305-0248

Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

BENJAMIN J. GRILLOT
(D.C. Bar No. 982114)
Environmental Defense Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0303
Fax: (202) 305-0506
benjamin.grillot@usdoj.gov

___/s/ COBY HOWELL_____
COBY HOWELL
(WY BAR. NO. 6-3589)
Senior Trial Attorney
Wildlife & Marine Resources Section
1000 SW Third Ave Suite 600
Portland, OR 97204
503-727-1044
coby.howell@usdoj.gov