IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Center for Biological Diversity**, **Sierra Club**, **Montana Environmental Information Center**, **Friends of the Earth**, and **Waterkeeper Alliance, Inc.**,<br><br>Plaintiffs,<br><br>v.<br><br>**Lt. Gen. Scott A. Spellmon**, et al.,<br><br>Defendants. | Case No. 1:22-cv-02586-CKK<br><br>**Federal Defendants' Notice of Supplemental Authority** |

      Federal Defendants provide notice of the Supreme Court's recent decision in *Seven County Infrastructure Coalition v. Eagle County*, 605 U.S. __, 2025 WL 1520964 (2025). We attach the Court's slip opinion here.

      In *Seven County*, the Supreme Court reversed and remanded the D.C. Circuit's judgment in *Eagle County v. Surface Transportation Board*, 82 F.4th 1152 (D.C. Cir. 2023). Plaintiffs had noticed *Eagle County* as a supplemental authority. ECF No. 116. Federal Defendants provided a response, explaining why the case was distinguishable on the facts given the nature of the federal action Plaintiffs challenge here. *See* ECF No. 117. In any event, *Seven County* has now eliminated any precedential effect *Eagle County* would have had.

1

In addition, *Seven County* directs a "course correction" for judicial review under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq*. *Seven County*, slip op. at 13.  The Supreme Court rejected the practice of courts taking "an aggressive role in policing agency compliance," and held that the "bedrock principle" governing review in NEPA cases is "deference." *Seven County*, slip op. at 8, 15.  "When assessing significant effects and feasible alternatives for purposes of NEPA, an agency will invariably make a series of fact-dependent, context-specific, and policy-laden choices about the depth and breadth of its inquiry." *Id*. at 12.  These choices must be upheld if "they fall within a broad zone of reasonableness." *Id*.

*Seven County* strongly reinforces the reasons why summary judgment should be granted in favor of Federal Defendants on the NEPA claim here.  As explained in our summary judgment briefing and in the supplemental brief after transfer to this Court, the U.S. Army Corps of Engineers acted reasonably in focusing its environmental review on the effects of the permit action before the agency, rather than on the operational effects (including downstream effects) from the private projects that may use the permit.  *See* Fed. Defs.' Mem. in Supp. of Cross-Mot. for Summ. J. 19–26, ECF No. 62; Fed. Defs. Reply in Supp. of Summ. J. 7–11, ECF. No. 81; Fed. Defs.' Supp. Summ. J. Br. 4–5, ECF No. 107.  The Supreme Court has now reaffirmed in the context of rejecting the D.C. Circuit's reasoning in *Eagle County* that even "factually foreseeable" effects can be excluded from a NEPA review when the agency reasonably concludes that "there is no 'reasonably close clausal relationship'" between the federal action and the effect. *Seven County*, slip op. at 17 (citations omitted).  Even more so when the federal agency

"possesses no regulatory authority" over the separate action causing those effects. *Id.* "[A]gencies are not required to analyze the effects of projects over which they do not exercise regulatory authority." *Id.* These are precisely the reasons the Corps articulated in concluding that it did not need to analyze operational or downstream effects from private pipeline projects that may make use of the Nationwide Permit at issue here.

Further, and even if the Corps had failed to comply with NEPA, *Seven County* also supports Federal Defendants argument that vacatur of the Nationwide Permit would not be the appropriate remedy. "Even if [a NEPA document] falls short in some respects, that deficiency may not necessarily require a court to vacate the agency's ultimate approval of a project, at least absent reason to believe that that the agency might disapprove the project if it added more to the [NEPA document]." *Seven County*, slip op. at 14.

June 12, 2025.

                                              ADAM R.F. GUSTAFSON
                                              Acting Assistant Attorney General
                                              Envt. & Natural Resources Division
                                              U.S. Department of Justice

                                              /s/ *Kristofor R. Swanson*
                                              KRISTOFOR R. SWANSON
                                              (Colo. Bar No. 39378)
                                              Natural Resources Section
                                              P.O. Box 7611
                                              Washington, DC 20044-7611
                                              Tel: (202) 305-0248
                                              Fax: (202) 305-0506
                                              kristofor.swanson@usdoj.gov